UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 10745 DPW**

JASON MacLEOD,
      Plaintiff,

v.

JOHN HAGGARTY,    MAGISTRATE JUDGE
      Defendant.

FILED
Clerk's Office
USDC, Mass.
Date 4-8-05
By _____
Deputy Clerk

RECEIPT # 63527
AMOUNT $250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK 4/8/05
DATE

### NOTICE OF REMOVAL

    Defendants, John Haggarty (hereinafter, "Haggarty"), Timothy R. Dube (hereinafter, "Dube"), and John Doe (hereinafter, "Doe"), the Defendants (hereinafter, "the Defendants") in the above-entitled cause, hereby file this Notice Of Removal of the above-described action to the United States District Court for the District of Massachusetts from Essex County Superior Court, Case No. 05-432C, where the action is now pending as provided by Title 28, U.S. Code, Chapter 98 and state:

    1.    The above-entitled action was commenced in the Superior Court of Essex County, State of Massachusetts, and is now pending in that court. Process was served on the Defendants on March 17, 2005. A copy of the Plaintiff's complaint and summons setting forth the claim for relief upon which the action is based was first received by the Defendants on March 17, 2005.

    2.    This action was commenced against the Defendants in Essex County Superior Court by the Plaintiff and alleges that the Defendants violated the Plaintiff's constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and to due process of law. The United States District Court for the District of Massachusetts has original jurisdiction by reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States that, as appears from the complaint, the Plaintiff bases her claim for relief against the Defendants by virtue of and under the federal statutes and acts of Congress.

    3.    Defendants further allege that the action was commenced by the filing of the complaint on March 16, 2005, and the service of process on Defendants on March 17, 2005, and that the time has not elapsed within which they are allowed to file this notice of removal of action to this court.

    4.    A copy of all process, pleadings, and orders served upon the Defendants is filed with this notice.

    5.    The Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

    6.    A copy of this notice will be filed with the clerk of the Essex County Superior Court as required by 28 U.S.C. § 1446(d).

    WHEREFORE, the Defendants request that this action proceed in this Court as an action properly removed to it.

Dated: April 7, 2005
f:\lpa\haggarty\pldgs\not.rem.doc

                                        Respectfully submitted,
                                        For the Defendants,
                                        **John Haggarty, Timothy B. Dube,**
                                        **John Doe,**
                                        By their attorney,

                                        _____
                                        Matthew E. Dwyer (BBO# 139840)
                                        Dwyer, Duddy and Facklam
                                        Attorneys At Law, P.C.
                                        One Center Plaza, Suite 360
                                        Boston, MA 02108
                                        (617) 723-9777

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __MacLeod v. John Haggarty, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ✓ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   MacLeod v. Haggarty, et al.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                              YES ☐   NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                              YES ☐   NO ✓
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                              YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                              YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                              YES ☐   NO ✓

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐        Central Division ☐        Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ✓        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                              YES ☐   NO ✓

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Matthew E. Dwyer, Esquire, Brian M. Maser, Esquire__
ADDRESS __Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, MA 02108__
TELEPHONE NO. __(617) 723-9777__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jason MacLeod

### DEFENDANTS
John Haggarty, Timothy B. Dube, John Doe

(b) County of Residence of First Listed Plaintiff: **Belknap, NH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Essex, MA**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard N. Foley, Esquire, 414 State Street, Portsmouth, NH 03801

Attorneys (If Known)
Matthew E. Dwyer, Esquire, Brian M. Maser, Esquire, Dwyer, Duddy and Facklam, One Center Plaza, # 360, Boston, 02108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331

Brief description of cause:
Civil Action by plaintiff to recover damages for injuries sustained and to redress deprivation of rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 04/14/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-433C

Jason Macleod ............................................................................, Plaintiff(s)

v.

John Haggarty ............................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon  Richard N. Foley  ,
plaintiff's attorney, whose address is  414 State St., Portsmouth, NH  03801  , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Six Spency Court [illegible handwriting] Lawrence, MA 0[illegible] either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
WITNESS, [redacted], Esquire, at Salem, the
day of  3/17/05  , in the year of our Lord two thousand

TRUE ATTEST COPY
DEPUTY SHERIFF [signature]
(LS)

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                              LAWRENCE SESSION

JASON MACLEOD            }
      Plaintiff          }
                         }
v.                       }        DOCKET #:
                         }
JOHN HAGGARTY,           }
TIMOTHY B. DUBE,         )
JOHN DOE,                }
      Defendants         }

## COMPLAINT AND JURY CLAIM

### INTRODUCTORY STATEMENT

1. This is a civil action by the Plaintiff, seeking to recover compensatory and punitive damages for injuries and to redress deprivation under the color of law, ordinance, regulations, customs, or usage of a right, privilege, and immunity secured to the Plaintiff by the United States Constitution, the laws of the United States and the Constitution and laws of the Commonwealth of Massachusetts.

### PARTIES

2. The Plaintiff, Jason Macleod, is and all times relevant to this Complaint, a citizen of the United States and a resident of the town of Belmont, County of Belknap, State of New Hampshire, residing at 10 Range Road, Belmont, NH, 03220.

3. The Defendant, John Haggarty, (hereinafter referred to as 'Haggarty') was at all times mentioned herein, a duly appointed and active officer for the City of Lawrence, Commonwealth of Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

4. The Defendant, Timothy Dube, (hereinafter referred to as 'Dube') was at all times mentioned herein, a duly appointed and active officer for the City of Lawrence, Commonwealth of Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

5. The Defendant, John Doe, and others not presently known to Plaintiff were, at all times material to this Complaint, duly appointed and active police officers for the City of Lawrence, Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and uses.

6. Plaintiff sues all Defendants in their individual capacities.

FACTUAL ALLEGATIONS

7. On or about March 18, 2002, Plaintiff, Jason Macleod was a passenger in his mother's car parked in front of 96 Park Street, Lawrence, Massachusetts.

8. Jason was being taken by his mother, Laurie Gilbert to Holy Family Hospital, Methuen, Massachusetts due to a badly injured ankle needing medical attention.

9. Laurie Gilbert was unfamiliar with the area and had pulled over to the side of the road to try to ascertain directions to Holy Family Hospital.

10. While parked on the side of the road Laurie Gilbert called her husband, Greg, to let him know that she was lost. After speaking to her husband two girls walked up the road, came over to the car and knocked on the Jason'S passenger side window.

11. Laurie Gilbert put the window down a little bit and asked the two girls about directions to Holy Family Hospital.

12. The girls could not speak English and Laurie Gilbert wasn't sure what they were saying except for a statement about $25.00. Mrs. Gilbert put the window up and drove away.

13. Mrs. Gilbert and Mr. Macleod had only gone a short distance when they noticed blue lights behind them.

14. Mrs. Gilbert couldn't pull over right away because there were a lot of cars parked on the side of the road, but pulled over as soon as possible and the police car pulled up behind her and Jason Macleod.

15. Jason Macleod had no knowledge as to why the car was being pulled over.

16. Two officers in plain clothes approached their car and Mrs. Gilbert put her window down and asked the officer what the problem was.

17. The larger officer asked Mrs. Gilbert for her license and registration and as Mrs. Gilbert was looking for the same, he ordered both Mrs. Gilbert and Jason out of the car.

18. Jason Macleod was having a hard time getting out of the car and a shorter officer took Jason's crutches away from him, grabbed him by the arm and pulled him to the back of the car and told him to lean on it.

19. Because the crutches had been taken away, Jason Macleod was forced to walk on his hurt ankle causing considerable pain and trouble in just standing.

20. While Jason was leaning on the back of the car the smaller officer was going through the car and Mrs. Gilbert's pocketbook.

21. The larger officer accused Jason Macleod of being Mrs. Gilbert's boyfriend and not her son.

22. The larger officer was trying to get Mrs. Gilbert to go back to the street that they were on to purchase drugs and Mrs. Gilbert refused.

23. The smaller officer told Jason Macleod to turn around and not look at Mrs. Gilbert or the car.

24. At this time the smaller officer got back in the car and came out with a Winston cigarette pack which Jason Macleod had never seen before.

25. The officers claimed they found marijuana and crack cocaine and arrested Jason Macleod and Laurie Gilbert.

26. Jason Macleod was leaning on the back of the car while the officers waited for a tow truck.

27. As the tow truck removed the car, Jason Macleod was required to stand on his bad ankle.

28. Jason Macleod was then placed in a police car and brought to the Lawrence Police Department where he was further detained until he was bailed.

29. Due to the physical, emotional and psychological trauma of this evening with the Lawrence Police, Jason Macleod has nightmares and flashbacks.

## COUNT 1

### 42 U.S.C. § 1983 against Haggarty and Dube

30. Plaintiff alleges and re-alleges Paragraphs 1 through 29 of this complaint, with the same force and effect as if fully set forth herein.

31. On the evening of March 18, 2002 at approximately 10:40 PM, Defendants Haggarty and Dube, dressed in plain clothes and traveling in an unmarked car stopped the car that the car that the Plaintiff was a passenger in. Neither Plaintiff nor the driver of the car had violated any law and Defendants had no evidence of probable cause that the Plaintiff had committed an offense.

32. Without any factual justification the Plaintiff was ordered to step out of the automobile and did so in full cooperation with Defendants Haggarty and Dube. Despite the obvious injury to the Plaintiff, the Defendants took the crutches away from the Plaintiff making it more difficult and painful to exit the vehicle and stand on the street without support.

33. During this time the Defendants verbally and physically abused the Plaintiff. At no time before or during this verbal and physical abuse did the Defendants see or find any evidence of probable cause that Plaintiff had committed against the laws of the Commonwealth of Massachusetts or the City of Lawrence.

34. Although Defendants Haggarty and Dube found no evidence of violation of law by Plaintiff, they continued to verbally abuse and threaten the Plaintiff.

35. Still without justification Defendants Dube and Haggarty charged the Plaintiff with possession of marijuana and crack cocaine and arrested him.

36. Although Defendants Haggarty and Dube had found no evidence of any violation of the law by Plaintiff, the Defendants placed the Plaintiff in custody, and transported him to the Lawrence Police Department.

37. Without probable cause or any justification whatsoever, Defendants Haggarty and Dube agreed to and did maliciously charge the Plaintiff with the following offenses: possession of marijuana and possession of crack cocaine under the laws of the Commonwealth of Massachusetts.

38. Because of Defendants' Haggarty charges against Plaintiff, Plaintiff was further detained without cause by the police at the Lawrence Police Station until he was bailed out.

39. As a direct and proximate result of the unlawful detention, search and arrest of Plaintiff and the malicious charges placed against him, the Plaintiff, Jason Macleod suffered the following injuries:

    a.  Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and to due process of law;
    b.  Loss of his physical liberties;
    c.  Physical pain and suffering and great emotional trauma and suffering, requiring expenditure of money for treatment;
    d.  Incurrence of legal costs.

40. By means of the unlawful detention of Plaintiff and the malicious charges placed against him, Defendants Haggarty and Dube deprived Plaintiff of his liberty without due process of law, in violation of the Fourth,

5

Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983.

41. The actions of the Defendants, Officer Haggarty and Dube violated the following clearly established and well settled constitutional rights of Jason Macleod:

    a. Freedom from the unreasonable seizure of his person;
    b. Freedom from the deprivation of liberty without due process of law;
    c. Freedom from summary punishment;
    d. Due process of law.

WHEREFORE, the Plaintiff, Jason Macleod, demands judgment against the Defendants Haggarty and Dube jointly and severally for compensatory damages in an amount determined by the jury to be fair and just, for punitive damages, costs, and attorney fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

## COUNT II

### False arrest and illegal imprisonment

42. Plaintiff alleges and re-alleges Paragraphs 1 through 29 of this complaint, with the same force and effect as if fully set forth herein.

43. At all times material and relevant herein, Defendants Haggarty, Dube and Doe were acting as police officers of the Lawrence Police Department.

44. Said false arrest and illegal imprisonment were in violation of the laws of the United States of America and the Commonwealth of Massachusetts.

45. As a direct and proximate result of the Defendants' acts the Plaintiff has suffered injuries as aforesaid and greatly injuring Plaintiff's reputation bringing him into public scandal, disrepute and disgrace.

WHEREFORE, the Plaintiff, Jason Macleod demands judgment against Defendants Haggarty and Dube, jointly and severally

for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988 for this action, and for such other relief as this Court deems just and proper.

## COUNT III

### Malicious Prosecution following false arrest

46. On or about March 18, 2002, Jason Macleod was lawfully present in Lawrence, Massachusetts and was with his mother seeking to obtain medical care at Holy Family Hospital. Although Plaintiff went about his business and committed no crime, Defendants Haggarty and Dube with deliberation and malice, and without probable cause detained and arrested the Plaintiff on the charges of possession of marijuana and possession of crack cocaine.

47. That Defendants Haggarty and Dube falsely, maliciously and without probable cause or provocation charged Plaintiff with the crimes of possession of marijuana and possession of crack cocaine.

48. Plaintiff was held for several hours as a result of said charges.

49. On or about April 26, 2002, the charges were dismissed and the matter resolved in Plaintiff's favor.

50. As a proximate result of the criminal charges initiated by Defendants Haggarty and Dube, Plaintiff, Jason Macleod has been damaged aforesaid including costs and attorney's fees incurred in defending the false charges.

51. The acts of Defendants Haggarty and Dube were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff for his mother refusing to purchase drugs on behalf of the undercover officers or by hatred or ill will toward Plaintiff.

WHEREFORE, the Plaintiff, Jason Macleod demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 and for such other relief as this Court deems just and proper.

COUNT IV

Conspiracy to Maliciously Prosecute

52. Plaintiff alleges and re-alleges Paragraphs 1 through 29 of this complaint, with the same force and effect as if fully set forth herein.

53. Between March 18, 2002 and April 26, 2002 Defendants Haggarty and Dube conspired, agreed and acted in concert to falsely and maliciously initiate a criminal prosecution of Plaintiff for the crime of possession of crack cocaine and possession of marijuana.

54. Among the acts pursuant to such conspiracy and agreement, Defendants fabricated evidence for procuring said prosecution.

55. Thereafter on or about April 26, 2002, the case was dismissed thereby terminating the prosecution in favor of the Plaintiff.

56. As a proximate result of the criminal charge initiated by Defendants, the Plaintiff, Jason Macleod has suffered damages as aforesaid including costs and attorney's fees in the defense of the charges.

WHEREFORE, the Plaintiff, Jason Macleod demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

COUNT V

57. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this count, with the same force and effect as if fully set forth herein.

58. Said false arrest and illegal imprisonment were in violation of the laws of the United States of America and the Commonwealth of Massachusetts and in violation of M.G.L.c. 12 § 11H and 11I.

59. As a result of said arrest and false imprisonment, the Plaintiff suffered damages as aforesaid.

WHEREFORE, the Plaintiff, Jason Macleod, demands judgment against all Defendants for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees for this action and for such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: March 16, 2005

Respectfully Submitted,
JASON MACLEOD

By His Attorney
Richard N. Foley, Esq.
414 State St.
Portsmouth, NH  03801
(603) 433-1303
BBO #: 553321

# Lawrence Police Department
90 Lowell Street
Lawrence, MA 01840
(978) 794-5900

## Incident Report

| Date of Incident | Time of Incident | Type of Incident | Location of Incident | Apartment # | Domestic Dispute | Log # |
|---|---|---|---|---|---|---|
| MON 03/18/2002 | 20:40 HRS | ARREST | LAWRENCE ST. & HAMPSHIRE ST. | | NO | 0200478 |

| Date Report Submitted | Time of Report | Floor or |
|---|---|---|
| MON 03/18/2002 | 21:15 HRS | |

**Status Code:** C - Complainant  I - Interviewed  J - Juvenile  M - Missing  S - Suspect  V - Victim  W - Witness  O - Other  **Race Code:** W - White  H - Hispanic  B - Black

### PERSONS

| Status | Last Name | First Name | M.I. | Sex | D.O.B. | Race | Telephone | Address |
|---|---|---|---|---|---|---|---|---|
| C | DUBE | TIM | | | | | 978-794-5900 LPD | |
| C | HEGGARTY | JOHN | | | | | 978-794-5900 LPD | |
| C | CUEVA | CARLOS | | | | | 978-794-5900 LPD | |
| C | FITZPATRICK | DAN | | | | | 978-794-5900 LPD | |

### ARRESTS

| | Last Name | First Name | | | | | | |
|---|---|---|---|---|---|---|---|---|
| #1 | GILBERT | LAURIE | | | | | | |
| Charges | POSS. OF CLASS 'D' | | | | | | | |
| #2 | MACLEOD | JASON | | | | | POSS. OF CLASS 'B' | RIGHT TURN SIGNAL VIOLATION  POSS. OF AMMO W/O FID (MACE) |
| Charges | POSS. OF CLASS 'D' | | | | | | | |
| #3 | | | | | | | | |
| Charges | | | | | | | | |

### PROPERTY

**Property Code:** A - Abandoned  E - Evidence  F - Found  L - Lost  R - Recovered  S - Stolen  T - Towed  V - Vehicle  O - Other  D - Damaged  W - Suspect M/

| Status | Qty | Year | Item/Brand/Model | State | Registration | Color | Characteristics - Serial or VIN | Est. Value |
|---|---|---|---|---|---|---|---|---|
| E | 2 | | MARIJUANA CIGARETTES ("ROACHES") | | | | | |
| E | 2 | | GLASSINE BAGS OF CLASS 'B' ("CRACK") | | | | | |
| T | 1 | '97 | DODGE AVENGER | NH | 926132 | RED | | |

### INCIDENT DETAILS

ON 03/18/02 AT APPROXIMATELY 2040HRS WHILE ON PATROL IN AN UNMARKED CRUISER DET. HEGGARTY AND I OBSERVED A RED DODGE AVENGER WITH NEW HAMPSHIRE LICENSE PLATES PARKED IN FRONT OF 96 PARK ST. WE HAVE RECEIVED NUMEROUS COMPLAINTS IN THE PAST ABOUT OUT OF STATE MOTOR VEHICLES PARKING IN THIS AREA AND PURCHASING DRUGS ON THE STREET. DET. HEGGARTY AND I PARKED IN AN EMPTY LOT AT THE INTERSECTION OF PARK ST. AND MONTGOMERY ST. AND WATCHED THE OCCUPANTS, LATER IDENTIFIED TO US AS LAURIE GILBERT AND JASON MACLEOD. MRS. GILBERT AND MR. MACLEOD SAT IN FRONT OF THIS LOCATION FOR APPROXIMATELY FIFTEEN MINUTES AND DET. HEGGARTY AND I OBSERVED A HISPANIC FEMALE APPROACH THE PASSENGER SIDE OF THE DODGE AVENGER. THIS FEMALE APPROACHED THE MV FROM SAUNDERS ST. AND DID NOT EXIT ANY HOUSES IN THE AREA WHERE MRS. GILBERT AND MR. MACLEOD WERE PARKED. WE OBSERVED MR. MACLEOD MOTION TO THE FEMALE AND

| Investigating Officer's Signature | Reviewed By | |
|---|---|---|
| Det. Timothy B. Dube | | Page 1 of 3 |

**Lawrence Police Department**
90 Lowell Street
Lawrence, MA 01840
(978) 794-5900

**Incident Report**

| Date of Incident | Time of Incident | Type of Incident | Location of Incident | Floor or Apartment # | Domestic Dispute | Log # |
|---|---|---|---|---|---|---|
| MON 03/18/2002 | 20:40 HRS | ARREST | LAWRENCE ST. & HAMPSHIRE ST. | | NO | 0204478 |
| Date Report Submitted: MON 03/18/2002 | Time of Report: 21:15 HRS | | | | | |

SHE WALKED UP TO MR. MACLEOD'S WINDOW AND WE OBSERVED THE FEMALE AND MR. MACLEOD EXCHANGE SOMETHING THROUGH THE WINDOW. THIS INTERACTION TOOK PLACE WITHIN TEN SECONDS AND THE FEMALE QUICKLY WALKED AWAY FROM THE MV. MRS. GILBERT PULLED AWAY FROM THE CURB SIMULTANEOUSLY. BASED ON OUR TRAINING AND EXPERIENCE DET. HEGGARTY BELIEVED THIS TO BE CONSISTENT WITH A DRUG TRANSACTION. DET. HEGGARTY AND I FOLLOWED THE MV AND MRS. GILBERT DROVE EAST ON PARK ST. NORTH ON SAUNDERS ST. WEST ON THORNDIKE ST. AND SOUTH ON MONTGOMERY ST. FAILING TO SIGNAL A DIRECTIONAL AT ANY TIME. SHE TURNED WEST ONTO PARK ST. FAILED TO SIGNAL A RIGHT TURN AGAIN AND TURNED NORTH ONTO PARK ST. FAILING TO SIGNAL ANOTHER TIME. WE ATTEMPTED TO CONDUCTED A MV STOP BY ACTIVATING OUR CRUISERS LIGHTS AND SIREN AT THE INTERSECTION OF LAWRENCE ST. AND ARLINGTON ST. AND MRS. GILBERT FAILED TO COME TO A STOP FOR APPROXIMATELY ONE HUNDRED YARDS (BLACK CROWN VIC, NUMEROUS LIGHTS). DET. HEGGARTY AND I NOTED SEVERAL AREAS WHERE MRS. GILBERT COULD HAVE PULLED OVER AND THROUGH OUR TRAINING AND EXPERIENCE THIS TYPE OF ACTIVITY IS COMMON WITH INDIVIDUALS TRYING TO CONCEAL ILLEGAL CONTRABAND PRIOR TO STOPPING FOR POLICE. MRS. GILBERT FINALLY PULLED OVER APPROXIMATELY SEVENTY FIVE FEET PAST HAMPSHIRE ST. ON LAWRENCE ST. AND DET. HEGGARTY AND I EXITED OUR CRUISER AND APPROACHED THE MRS. GILBERT AND MR. MACLEOD. FOR OUR SAFETY WE HAD THEM EXIT THE MV AND STAND AT THE REAR OF THE MV.
  DET. HEGGARTY AND I SPOKE TO JASON MACLEOD AND LAURIE GILBERT AND THEY STATED THAT THEY WERE MOTHER AND SON. LAURIE STATED THAT SHE WAS PICKING UP JASON AND TAKING HIM TO THE HOSPITAL FOR HIS FOOT AND JASON SAID HE WAS VISITING HIS FATHER. I ASKED JASON WHERE HIS FATHER LIVED AND HE REPLIED, "HAVERHILL." MRS. GILBERT'S CELLULAR PHONE BEGAN TO RING AND SHE STATED SHE HAD TO ANSWER THE PHONE BECAUSE HER HUSBAND WAS CALLING HER. THE PHONE WAS IN THE MV AND MRS. GILBERT ATTEMPTED TO ENTER THE MV. I HAD MRS. GILBERT STOP FOR MY SAFETY AND TOLD HER THAT I WOULD REACH HER PHONE FOR HER. WHILE THE PHONE WAS RINGING I REACHED INTO THE CAR FROM THE PASSENGER SIDE AND GOT THE PHONE RESTING ON THE CENTER CONSOL. WHILE REACHING FOR THE PHONE I OBSERVED TWO SMALL CIGARETTES IN THE ASH TRAY ROLLED IN A WAY WHICH I RECOGNIZED THROUGH MY TRAINING AND EXPERIENCE TO BE CONSISTENT WITH A MARIJUANA CIGARETTES. I COULD SMELL A FAINT ODOR OF MARIJUANA EMANATING FROM THE ASH TRAY AS WELL. I SEIZED THE MARIJUANA CIGARETTES AND BEGAN TO LOOK IN THE MV FOR MORE DRUGS. MRS. GILBERTS PURSE WAS OPEN AND I ILLUMINATED IT WITH MY FLASH LIGHT. WHILE DOING SO I OBSERVED A SMALL CANISTER OF PEPPER SPRAY AND REMOVED IT FROM THE PURSE. I BACKED OUT OF THE MV FOR A MOMENT AND ASKED IF MRS. GILBERT HAD A FIREARMS IDENTIFICATION CARD IN MASSACHUSETTS AND SHE REPLIED, "WHAT THAT'S LEGAL. I BOUGHT IT IN NEW HAMPSHIRE. DET. HEGGARTY BEGAN TO TALK TO MRS. GILBERT AND I LOOKED A SECOND TIME INSIDE HER PURSE. IN THE SAME

Investigating Officer's Signature: Det. Timothy B. Dube

Reviewed By:

Page 2 of 3

# Lawrence Police Department
90 Lowell Street
Lawrence, MA 01840
(978) 794-5900

## Incident Report

| Date of Incident | Time of Incident | Type of Incident | Domestic Dispute | Log # 02004478 |
|---|---|---|---|---|
| MON 03/18/2002 | 20:40 HRS | ARREST | NO | |
| Date Report Submitted | Time of Report | Location of Incident | | Floor or Apartment # |
| MON 03/18/2002 | 21:15 HRS | LAWRENCE ST. & HAMPSHIRE ST. | | |

POCKET OF THE PURSE I OBSERVED TWO LARGE GLASSINE BAGS OF A WHITE ROCK LIKE SUBSTANCE WHICH THROUGH MY TRAINING AND EXPERIENCE I IDENTIFIED TO BE CRACK COCAINE.

MR. MACLEOD AND MRS. GILBERT WERE THEN PLACED UNDER ARREST AND MR. MACLEOD ASKED WHY. DET. HEGGARTY STATED FOR POSSESSION OF CRACK COCAINE AND MARIJUANA AND INFORMED HIM THAT WE SAW THE FEMALE APPROACH THEM ON PARK ST. HE TOLD MR. MACLEOD THAT WE WATCHED THEM FOR APPROXIMATELY FIFTEEN MINUTES BEFORE THEY SPOKE TO THE FEMALE WALKED UP TO THE CAR. MR. MACLEOD STATED, "YA BUT SHE WALKED UP TO US, WE DIDNT GO LOOKING FOR HER." BOTH INDIVIDUALS WERE CHARGED WITH POSSESSION OF CLASS 'D' AND POSSESSION OF CLASS 'B'. MRS. GILBERT WAS CHARGED WITH POSSESSION OF AMMUNITION/PEPPER SPRAY WITHOUT AN FID CARD AND A RIGHT TURN SIGNAL VIOLATION AS WELL. HER MV WAS TOWED BY COADY'S TOWING AND SHE WAS CITED CITE#K1925168. THE DRUGS AND PEPPER SPRAY WERE PLACED INTO EVIDENCE AND BOTH INDIVIDUALS WERE TRANSPORTED BACK TO THE STATION WHERE THEY WERE BOOKED AND PLACED IN A CELL. INVESTIGATION TO CONTINUE.

Investigating Officer's Signature
Det. Timothy B. Dube

Reviewed By

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                    SUPERIOR COURT CIVIL ACTION
                                             NO. 05-433C

---

JASON MacLEOD,                          )
        Plaintiff,                   )
                                        )
v.                                      )
                                        )
JOHN HAGGARTY,                          )
        Defendant.                   )

---

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

To:    Clerk of Court
       Essex County Superior Court
       Superior Courthouse
       34 Federal Street
       Salem, MA 01970

       Richard N. Foley, Esquire
       414 State Street
       Portsmouth, NH 03801

       Pursuant to 28 U.S.C. § 1446(d), the Defendants file herewith a true copy of the Notice Of Removal previously filed in the United States District Court for the District of Massachusetts, and a true copy of the Notice Of Filing Of Notice Of Removal.

Dated: April 7, 2005
f:\lpa\haggarty\pldgs\not.sc.req.rem.doc

                                              Respectfully submitted,
                                              For the Defendants,
                                              **John Haggarty, Timothy B. Dube,**
                                              **John Doe,**
                                              By their attorney,

                                              _/s/ Matthew E. Dwyer_
                                              Matthew E. Dwyer (BBO# 139840)
                                              Dwyer, Duddy and Facklam
                                              Attorneys At Law, P.C.
                                              One Center Plaza, Suite 360
                                              Boston, MA 02108
                                              (617) 723-9777