MAS-20041213  **Commonwealth of Massachusetts**  07/14/200
collado  ESSEX SUPERIOR COURT  10:09 AM
Case Summary
Civil Docket

## ESCV2005-00433
### Macleod v Haggarty et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 03/17/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 07/14/2005 | Session | C - Civil-CtRm 1 (Lawrence) | | |
| Origin | 1 | Case Type | B99 - Misc tort | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 06/15/2005 | Answer | 08/14/2005 | Rule12/19/20 | 08/14/2005 |
| Rule 15 | 08/14/2005 | Discovery | 01/11/2006 | Rule 56 | 02/10/2006 |
| Final PTC | 03/12/2006 | Disposition | 05/11/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Jason Macleod
10 Range Road
Belmont, NH 03220
Active 03/17/2005

**Private Counsel 553321**
Richard N Foley
414 State Street
Portsmouth, NH 03801
Phone: 603-433-1303
Fax: 603-431-0542
Active 03/17/2005 Notify

**Defendant**
John Haggarty
Lawrence, MA 01840
Service pending 03/17/2005

**Defendant**
Timothy B Dube
Lawrence, MA 01840
Service pending 03/17/2005

**Defendant**
John Doe
Service pending 03/17/2005

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/17/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/17/2005 | | Origin 1, Type B99, Track F. |
| 07/14/2005 | 2.0 | Certified Copy of Notice for Removal to the United States District |

case01 221519 y y y y y                                                                              Page 1 of 2

MAS-20041213
collado

# Commonwealth of Massachusetts
## ESSEX SUPERIOR COURT
### Case Summary
### Civil Docket

07/14/200
10:09 AM

## ESCV2005-00433
## Macleod v Haggarty et al

| Date | Paper | Text |
|---|---|---|
|  | 2.0 | Court filed by John Haggarty, Timothy B Dube, John Doe |
| 07/14/2005 | 3.0 | ORDER transferring case to United States District Court (Thomas Murtagh, Justice) |
| 07/14/2005 |  | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-433C | Trial Court of Massachusetts Superior Court Department County:____ |
|---|---|---|
| PLAINTIFF(S) Jason Macleod | | DEFENDANT(S) John McCleery Timothy S. Jubb John Doe |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Richard N. Foley 4/4 State St., Portsmouth, N.H. 03801 Board of Bar Overseers number: 10570 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| 699 | Civil Rights | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................ $..........
  2. Total Doctor expenses ................................................. $..........
  3. Total chiropractic expenses ............................................ $..........
  4. Total physical therapy expenses ........................................ $..........
  5. Total other expenses (describe) ........................................ $..........
     Subtotal $..........
B. Documented lost wages and compensation to date ........................... $..........
C. Documented property damages to date ...................................... $..........
D. Reasonably anticipated future medical and hospital expenses .............. $..........
E. Reasonably anticipated lost wages ........................................ $..........
F. Other documented items of damages (describe)
     $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
     PTSD

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

MAR 17 2005

TOTAL $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

Thomas H. Driscoll Jr.
CLERK

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/17/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                              SUPERIOR COURT
                                        LAWRENCE SESSION

JASON MACLEOD                }
     Plaintiff              }
                            }
v.                          }      DOCKET #: 05-433 C
                            }
JOHN HAGGARTY,              }              FILED
TIMOTHY B. DUBE,            }      IN THE SUPERIOR COURT
JOHN DOE,                   }      FOR THE COUNTY OF ESSEX
     Defendants             }
                                        MAR 1 7 2005

                COMPLAINT AND JURY CLAIM
                                              CLERK

                INTRODUCTORY STATEMENT

1.   This is a civil action by the Plaintiff, seeking to
     recover compensatory and punitive damages for injuries
     and to redress deprivation under the color of law,
     ordinance, regulations, customs, or usage of a right,
     privilege, and immunity secured to the Plaintiff by the
     United States Constitution, the laws of the United
     States and the Constitution and laws of the Commonwealth
     of Massachusetts.

                        PARTIES

2.   The Plaintiff, Jason Macleod, is and all times relevant
     to this Complaint, a citizen of the United States and a
     resident of the town of Belmont, County of Belknap,
     State of New Hampshire, residing at 10 Range Road,
     Belmont, NH, 03220.

3.   The Defendant, John Haggarty, (hereinafter referred to
     as 'Haggarty') was at all times mentioned herein, a duly
     appointed and active officer for the City of Lawrence,
     Commonwealth of Massachusetts, acting under the color of
     law, to wit, under color of statutes, ordinances,
     regulations, policies, customs and usages.

A TRUE COPY ATTEST
DEPUTY ASS'T. CLERK

4.  The Defendant, Timothy Dube, (hereinafter referred to as 'Dube') was at all times mentioned herein, a duly appointed and active officer for the City of Lawrence, Commonwealth of Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

5.  The Defendant, John Doe, and others not presently known to Plaintiff were, at all times material to this Complaint, duly appointed and active police officers for the City of Lawrence, Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and uses.

6.  Plaintiff sues all Defendants in their individual capacities.

FACTUAL ALLEGATIONS

7.  On or about March 18, 2002, Plaintiff, Jason Macleod was a passenger in his mother's car parked in front of 96 Park Street, Lawrence, Massachusetts.

8.  Jason was being taken by his mother, Laurie Gilbert to Holy Family Hospital, Methuen, Massachusetts due to a badly injured ankle needing medical attention.

9.  Laurie Gilbert was unfamiliar with the area and had pulled over to the side of the road to try to ascertain directions to Holy Family Hospital.

10. While parked on the side of the road Laurie Gilbert called her husband, Greg, to let him know that she was lost. After speaking to her husband two girls walked up the road, came over to the car and knocked on the Jason'S passenger side window.

11. Laurie Gilbert put the window down a little bit and asked the two girls about directions to Holy Family Hospital.

12. The girls could not speak English and Laurie Gilbert wasn't sure what they were saying except for a statement about $25.00. Mrs. Gilbert put the window up and drove away.

2

13. Mrs. Gilbert and Mr. Macleod had only gone a short distance when they noticed blue lights behind them.

14. Mrs. Gilbert couldn't pull over right away because there were a lot of cars parked on the side of the road, but pulled over as soon as possible and the police car pulled up behind her and Jason Macleod.

15. Jason Macleod had no knowledge as to why the car was being pulled over.

16. Two officers in plain clothes approached their car and Mrs. Gilbert put her window down and asked the officer what the problem was.

17. The larger officer asked Mrs. Gilbert for her license and registration and as Mrs. Gilbert was looking for the same, he ordered both Mrs. Gilbert and Jason out of the car.

18. Jason Macleod was having a hard time getting out of the car and a shorter officer took Jason's crutches away from him, grabbed him by the arm and pulled him to the back of the car and told him to lean on it.

19. Because the crutches had been taken away, Jason Macleod was forced to walk on his hurt ankle causing considerable pain and trouble in just standing.

20. While Jason was leaning on the back of the car the smaller officer was going through the car and Mrs. Gilbert's pocketbook.

21. The larger officer accused Jason Macleod of being Mrs. Gilbert's boyfriend and not her son.

22. The larger officer was trying to get Mrs. Gilbert to go back to the street that they were on to purchase drugs and Mrs. Gilbert refused.

23. The smaller officer told Jason Macleod to turn around and not look at Mrs. Gilbert or the car.

24. At this time the smaller officer got back in the car and came out with a Winston cigarette pack which Jason Macleod had never seen before.

3

25. The officers claimed they found marijuana and crack cocaine and arrested Jason Macleod and Laurie Gilbert.

26. Jason Macleod was leaning on the back of the car while the officers waited for a tow truck.

27. As the tow truck removed the car, Jason Macleod was required to stand on his bad ankle.

28. Jason Macleod was then placed in a police car and brought to the Lawrence Police Department where he was further detained until he was bailed.

29. Due to the physical, emotional and psychological trauma of this evening with the Lawrence Police, Jason Macleod has nightmares and flashbacks.

## COUNT 1

### 42 U.S.C. § 1983 against Haggarty and Dube

30. Plaintiff alleges and re-alleges Paragraphs 1 through 29 of this complaint, with the same force and effect as if fully set forth herein.

31. On the evening of March 18, 2002 at approximately 10:40 PM, Defendants Haggarty and Dube, dressed in plain clothes and traveling in an unmarked car stopped the car that the car that the Plaintiff was a passenger in. Neither Plaintiff nor the driver of the car had violated any law and Defendants had no evidence of probable cause that the Plaintiff had committed an offense.

32. Without any factual justification the Plaintiff was ordered to step out of the automobile and did so in full cooperation with Defendants Haggarty and Dube. Despite the obvious injury to the Plaintiff, the Defendants took the crutches away from the Plaintiff making it more difficult and painful to exit the vehicle and stand on the street without support.

33. During this time the Defendants verbally and physically abused the Plaintiff. At no time before or during this verbal and physical abuse did the Defendants see or find any evidence of probable cause that Plaintiff had committed against the laws of the Commonwealth of Massachusetts or the City of Lawrence.

4

34. Although Defendants Haggarty and Dube found no evidence of violation of law by Plaintiff, they continued to verbally abuse and threaten the Plaintiff.

35. Still without justification Defendants Dube and Haggarty charged the Plaintiff with possession of marijuana and crack cocaine and arrested him.

36. Although Defendants Haggarty and Dube had found no evidence of any violation of the law by Plaintiff, the Defendants placed the Plaintiff in custody, and transported him to the Lawrence Police Department.

37. Without probable cause or any justification whatsoever, Defendants Haggarty and Dube agreed to and did maliciously charge the Plaintiff with the following offenses: possession of marijuana and possession of crack cocaine under the laws of the Commonwealth of Massachusetts.

38. Because of Defendants' Haggarty charges against Plaintiff, Plaintiff was further detained without cause by the police at the Lawrence Police Station until he was bailed out.

39. As a direct and proximate result of the unlawful detention, search and arrest of Plaintiff and the malicious charges placed against him, the Plaintiff, Jason Macleod suffered the following injuries:

    a. Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and to due process of law;
    b. Loss of his physical liberties;
    c. Physical pain and suffering and great emotional trauma and suffering, requiring expenditure of money for treatment;
    d. Incurrence of legal costs.

40. By means of the unlawful detention of Plaintiff and the malicious charges placed against him, Defendants Haggarty and Dube deprived Plaintiff of his liberty without due process of law, in violation of the Fourth,

5

Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983.

41. The actions of the Defendants, Officer Haggarty and Dube violated the following clearly established and well settled constitutional rights of Jason Macleod:

    a.   Freedom from the unreasonable seizure of his person;
    b.   Freedom from the deprivation of liberty without due process of law;
    c.   Freedom from summary punishment;
    d.   Due process of law.

WHEREFORE, the Plaintiff, Jason Macleod, demands judgment against the Defendants Haggarty and Dube jointly and severally for compensatory damages in an amount determined by the jury to be fair and just, for punitive damages, costs, and attorney fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

## COUNT II

### False arrest and illegal imprisonment

42. Plaintiff alleges and re-alleges Paragraphs 1 through 29 of this complaint, with the same force and effect as if fully set forth herein.

43. At all times material and relevant herein, Defendants Haggarty, Dube and Doe were acting as police officers of the Lawrence Police Department.

44. Said false arrest and illegal imprisonment were in violation of the laws of the United States of America and the Commonwealth of Massachusetts.

45. As a direct and proximate result of the Defendants' acts the Plaintiff has suffered injuries as aforesaid and greatly injuring Plaintiff's reputation bringing him into public scandal, disrepute and disgrace.

WHEREFORE, the Plaintiff, Jason Macleod demands judgment against Defendants Haggarty and Dube, jointly and severally

for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988 for this action, and for such other relief as this Court deems just and proper.

### COUNT III

### Malicious Prosecution following false arrest

46. On or about March 18, 2002, Jason Macleod was lawfully present in Lawrence, Massachusetts and was with his mother seeking to obtain medical care at Holy Family Hospital. Although Plaintiff went about his business and committed no crime, Defendants Haggarty and Dube with deliberation and malice, and without probable cause detained and arrested the Plaintiff on the charges of possession of marijuana and possession of crack cocaine.

47. That Defendants Haggarty and Dube falsely, maliciously and without probable cause or provocation charged Plaintiff with the crimes of possession of marijuana and possession of crack cocaine.

48. Plaintiff was held for several hours as a result of said charges.

49. On or about April 26, 2002, the charges were dismissed and the matter resolved in Plaintiff's favor.

50. As a proximate result of the criminal charges initiated by Defendants Haggarty and Dube, Plaintiff, Jason Macleod has been damaged aforesaid including costs and attorney's fees incurred in defending the false charges.

51. The acts of Defendants Haggarty and Dube were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff for his mother refusing to purchase drugs on behalf of the undercover officers or by hatred or ill will toward Plaintiff.

WHEREFORE, the Plaintiff, Jason Macleod demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 and for such other relief as this Court deems just and proper.

## COUNT IV

### Conspiracy to Maliciously Prosecute

52. Plaintiff alleges and re-alleges Paragraphs 1 through 29 of this complaint, with the same force and effect as if fully set forth herein.

53. Between March 18, 2002 and April 26, 2002 Defendants Haggarty and Dube conspired, agreed and acted in concert to falsely and maliciously initiate a criminal prosecution of Plaintiff for the crime of possession of crack cocaine and possession of marijuana.

54. Among the acts pursuant to such conspiracy and agreement, Defendants fabricated evidence for procuring said prosecution.

55. Thereafter on or about April 26, 2002, the case was dismissed thereby terminating the prosecution in favor of the Plaintiff.

56. As a proximate result of the criminal charge initiated by Defendants, the Plaintiff, Jason Macleod has suffered damages as aforesaid including costs and attorney's fees in the defense of the charges.

WHEREFORE, the Plaintiff, Jason Macleod demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

## COUNT V

57. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this count, with the same force and effect as if fully set forth herein.

58. Said false arrest and illegal imprisonment were in violation of the laws of the United States of America and the Commonwealth of Massachusetts and in violation of M.G.L.c. 12 § 11H and 11I.

59. As a result of said arrest and false imprisonment, the Plaintiff suffered damages as aforesaid.

WHEREFORE, the Plaintiff, Jason Macleod, demands judgment against all Defendants for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees for this action and for such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated:   March 16, 2005             Respectfully Submitted,
                                    JASON MACLEOD

                                    _____
                                    By His Attorney
                                    Richard N. Foley, Esq.
                                    414 State St.
                                    Portsmouth, NH   03801
                                    (603) 433-1303
                                    BBO #: 553321

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05- 10746 RWZ

05-432C

| | |
|---|---|
| JASON MacLEOD,<br>    Plaintiff, | )<br>) |
| v. | )<br>) |
| JOHN HAGGARTY,<br>    Defendant. | )<br>)<br>) |

I hereby certify that the foregoing document is a true and correct copy of the ... in the captioned case
☐ electronically docketed
☐ electronically filed original
☒ original filed in my office on ___/___/2005
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

### NOTICE OF REMOVAL

Defendants, John Haggarty (hereinafter, "Haggarty"), Timothy B. Dube (hereinafter, "Dube"), and John Doe (hereinafter, "Doe"), the Defendants (hereinafter, "the Defendants") in the above-entitled cause, hereby file this Notice Of Removal of the above-described action to the United States District Court for the District of Massachusetts from Essex County Superior Court, Case No. 05-432C, where the action is now pending as provided by Title 28, U.S. Code, Chapter 98 and state:

1. The above-entitled action was commenced in the Superior Court of Essex County, State of Massachusetts, and is now pending in that court. Process was served on the Defendants on March 17, 2005. A copy of the Plaintiff's complaint and summons setting forth the claim for relief upon which the action is based was first received by the Defendants on March 17, 2005.

2. This action was commenced against the Defendants in Essex County Superior Court by the Plaintiff and alleges that the Defendants violated the Plaintiff's constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and to due process of law. The United States District Court for the District of Massachusetts has original jurisdiction by reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States that, as appears from the complaint, the Plaintiff bases her claim for relief against the Defendants by virtue of and under the federal statutes and acts of Congress.

3. Defendants further allege that the action was commenced by the filing of the complaint on March 16, 2005, and the service of process on Defendants on March 17, 2005, and that the time has not elapsed within which they are allowed to file this notice of removal of action to this court.

4. A copy of all process, pleadings, and orders served upon the Defendants is filed with this notice.

5. The Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

6. A copy of this notice will be filed with the clerk of the Essex County Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants request that this action proceed in this Court as an action properly removed to it.

A TRUE COPY, ATTEST
_____
DEPUTY ASST. CLERK

Dated: April 7, 2005
f:\lpa\haggarty\pldgs\not.rem.doc

                                            Respectfully submitted,
                                            For the Defendants,
                                            **John Haggarty, Timothy B. Dube,**
                                            **John Doe,**
                                            By their attorney,

                                            _/s/ Matthew E. Dwyer_
                                            Matthew E. Dwyer (BBO# 139840)
                                            Dwyer, Duddy and Facklam
                                            Attorneys At Law, P.C.
                                            One Center Plaza, Suite 360
                                            Boston, MA 02108
                                            (617) 723-9777

**Commonwealth of Massachusetts**
County of Essex
**The Superior Court**

CIVIL DOCKET# **ESCV2005-00433**

Macleod

vs.

Haggarty et al

---

**ORDER OF TRANSFER**

     Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court (Thomas Murtagh, Justice)

Dated at Lawrence, Massachusetts this 14th day of July, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: _____
                                    Clerk

Telephone: (978) 687-7463

A TRUE COPY ATTEST
_____
DEPUTY ASS'T CLERK

cvdremandc_1.wpd 559199 ortracas collado